JAMES LEMASTERS and VICKIE )
LEMASTERS, )
     )
    Plaintiffs, )
     ) Case No. _____
v. )
     )
WAUSAU HOMES INCORPORATED, ) **JURY TRIAL DEMANDED**
**Serve: CT Corporation System** )
    **120 S. Central Ave.** )
    **Clayton, MO 63105** )
     )
PHILLIPS BUILDERS, LLC, )
**Serve: Scott Phillips** )
    **216 W. Walnut St.** )
    **Clarinda, IA 51632** )
     )
and )
     )
SCOTT PHILLIPS )
**Serve: Scott Phillips** )
    **216 W. Walnut St.** )
    **Clarinda, IA 51632** )
     )
    Defendants. )

## COMPLAINT

Plaintiffs James "Jim" Lemasters and Vickie Lemasters ("the Lemasters" or "Plaintiffs"), for their Complaint against Defendants Wausau Homes Incorporated ("Wausau"), Phillips Builders, LLC ("Phillips Builders"), and Scott Phillips ("Phillips") (collectively "Defendants"), state to the Court as follows:

## NATURE OF ACTION

1.    This action arises from Defendants' breach of contracts, covenants, guarantees, and warranties, as well as misrepresentations, fraud, and negligence in connection with factory-built

1

Wausau homes.

2.      Defendant Wausau combines with improperly vetted local contractors to provide deficient and defective homes. Touted as "revolutionary", these Wausau homes are instead the source of nightmares for would-be homeowners such as Plaintiffs.

3.      Defendant Wausau is aware of multiple, serious issues with local contractors such as Defendant Phillips (with Wausau's employees communicating with Plaintiffs directly on multiple occasions), and yet has done nothing.

4.      Plaintiffs therefore seek relief from Defendants for injuries, including: (a) damages; (b) attorneys' fees; (c) costs of this suit; (d) pre- and post-judgment interest; (e) punitive damages; and (f) such other and further relief as this Court may deem necessary and proper, and as set forth in Plaintiffs' Prayer for Relief below.

## PARTIES

5.      Plaintiffs James ("Jim") and Vickie Lemasters are Missouri citizens residing in the County of Pulaski in the State of Missouri.

6.      Wausau Homes Incorporated is a Wisconsin corporation with its principal place of business in Wisconsin. Wausau Homes operates in at least nine states, including Missouri, through a network that includes Wausau-approved local builders. Wausau Homes is a registered business in good standing within the State of Missouri and has a registered agent within this state.

7.      Phillips Builders, LLC is an Iowa limited liability company with its principal place of business in Iowa. Phillips Builders was, at all relevant times herein, an approved local builder of Wausau Homes. Phillips Builders operated the Maryville, Missouri office of Wausau Homes.

8.      Scott Phillips is an Iowa citizen residing in the County of Page in the State of Iowa.

**JURISDICTION AND VENUE**

9.      This Court has subject matter and original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (c), because the amount in controversy exceeds the sum or value of $75,000, Plaintiffs are citizens of the State of Missouri, Defendant Wausau is a citizen of the State of Wisconsin, and Defendants Phillips and Phillips Builders are citizens of the State of Iowa.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this District and Division, a substantial part of the events or omissions giving rise to the claims occurred within this District and Division, a substantial part of the property that is the subject of the action is situated in this District and Division, and Plaintiffs reside in this District and Division.

11.      Wausau and/or its subsidiaries and affiliates (including Phillips and Phillips Builders) continuously and systematically solicit customers and provide services within at least nine states, including Missouri, and therefore Defendants are subject to personal jurisdiction in this District and Division.

**FACTUAL ALLEGATIONS**

12.      On or about November 7, 2019, Plaintiffs Jim and Vickie Lemasters entered a contract with Phillips Builders for the construction of a custom Wausau Homes residence in Devils Elbow, Missouri. (Exhibit 1).

13.      The choice of Plaintiffs' new Wausau Homes residence (and any entities that would be contracted to build same) was the careful result of painstaking research, planning, and hard-earned savings by Plaintiffs.

14.      The Wausau Homes residence was to be the home of Plaintiffs.

15.      Plaintiffs chose the home, their design, and their floor plan, and confirmed the

details and approval of same with Wausau's engineers and Phillips Builders.

16.     The finalized house plans had the Wausau Homes company logo placed on them.

### Wausau Homes Provided Clear and Indisputable
### Brand Promises to Plaintiffs

17.     At the time Plaintiffs were researching their Wausau home, Wausau touted three Wausau Homes "Brand Promises": (1) "your way"; (2) "firm price"; and (3) "on time".[1]

18.     The "**your way**" Wausau brand promise stated that "our custom home builders help you design and build your home, so you're only limited by your imagination."[2] Wausau stated that "our first priority is working with you to create the perfect home design" and that "Wausau Homes ensures that your final design is the one of your dreams."[3]

19.     The "**firm price**" Wausau brand promise stated that "your final price is the same, from the start of construction to your move-in date, with no surprises."[4] According to Wausau, it has "spent more than 50 years perfecting our home building process so that your custom home is complete at the same firm price when you first signed … at a guaranteed price that meets your budget."[5]

20.     The "**on time**" Wausau brand promise stated that "your exact move-in date is guaranteed early in the process, giving you peace of mind."[6] Wausau promises "On Time. Every Time.", that "Our home builders will have you moving into your dream home on time … always with an exact move-in date", and that "Your local Wausau Homes builder will provide you with a firm building schedule and precise move-in date."[7]

---

[1] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[2] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[3] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[4] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[5] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise
[6] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[7] https://web.archive.org/web/20190102164557/https://www.wausauhomes.com/your-experience/promise

21.     Wausau promised and advertised that "The Wausau Homes unique building process allows us to deliver custom dream homes on time and on budget—100% of the time, guaranteed."[8]

22.     Wausau promised satisfaction and quality workmanship ("the highest quality and precision—one [home] that fits your family's needs, and your budget"[9]).

23.     Wausau also promised a local builder ("search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."[10]).

24.     Wausau's website consistently identified these local builders as Wausau Homes builders.

25.     Wausau intentionally advertised their builders as "your local Wausau Homes builder"[11] and "Our Home Builder Network"[12].

26.     Through social media and other advertising statements, Wausau held itself out as the "builder" and placed advertisements for the hiring of set crews and other contractors.

27.     When looking for local builders, potential buyers were instructed to "browse ***our*** home builders near you"[13] and select one of the "neighborhood experts"[14].

28.     One such local builder was Phillips Builders.

29.     Phillips Builders operated out of the Wausau Homes Maryville office, with a Wausau Homes email address, and a custom web page on the Wausau Homes website.[15]

30.     These local builders, such as Phillips, were celebrated as part of the Wausau Home Builder Network. According to Wausau:

[8] https://web.archive.org/web/20190103170643/https://www.wausauhomes.com/your-experience/building-process
[9] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[10] https://web.archive.org/web/20190118165910/https://www.wausauhomes.com/
[11] https://web.archive.org/web/20190103194222/https://www.wausauhomes.com/your-experience/steps
[12] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[13] https://web.archive.org/web/20181231110507/https://www.wausauhomes.com/find-a-builder (emphasis added).
[14] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[15] https://web.archive.org/web/20181231110507/https://www.wausauhomes.com/find-a-builder;
https://web.archive.org/web/20200929102838/https://www.wausauhomes.com/find-a-builder/maryville-missouri

Not everyone can be a Wausau Homes builder. Each of the builders in our network goes through a comprehensive training program and uses the latest technology and software tools to simplify the homebuilding experience. We choose builders who share our core values of integrity, humility, stewardship, work ethic, and passion— and encourage community volunteering, sponsorship, and work alongside local community groups.[16]

31.    Wausau builders are granted franchises all over the Midwest.

32.    These franchises all use the same Wausau marketing materials, websites, blog posts, social media, e-mail addresses, e-mail servers, software, and Wausau logo, as required by Wausau Homes.[17]

33.    These franchises were thoroughly advertised as "your local Wausau Homes builder" with all the requisite Wausau marks and trappings.[18]

34.    Based on these and other representations, advertisements, guarantees, and warranties seen or known by Plaintiffs, Plaintiffs chose to purchase and build a Wausau home.

35.    Plaintiffs filled out Wausau forms, Wausau verified the correct local builder, and Plaintiffs received a response and confirmation from Wausau.

36.    Based on their location, Plaintiffs' contractor would be Phillips Builders.

37.    Plaintiffs had no choice in who their local Wausau builder would be.

38.    Plaintiffs trusted that Phillips was a competent builder and contractor, vetted and verified by Wausau and covered by the company guarantees enumerated herein.

39.    However, upon information and belief, Wausau does not provide testing or checks to verify the quality and competency of their local builders, including Phillips Builders.

40.    Upon information and belief, Wausau does not confirm or verify that its local

---

[16] https://web.archive.org/web/20181231172936/https://www.wausauhomes.com/why-us/about
[17] *See, e.g.*, https://web.archive.org/web/20200929102838/https://www.wausauhomes.com/find-a-builder/maryville-missouri
[18] https://web.archive.org/web/20190103194222/https://www.wausauhomes.com/your-experience/steps

builders would abide by (or are able to abide by) the company guarantees enumerated herein.

41.    Phillips Builders was not a competent builder and contractor.

42.    Phillips Builders was not properly vetted and verified by Wausau.

43.    Upon information and belief, Phillips Builders' contracting license expired during the relevant time period herein, yet he continued to build for Wausau including for Plaintiffs.

44.    Wausau was keenly aware of Phillips and Phillips Builders' financial problems and other incompetencies as early as 2018.

45.    For example, on or around February 28, 2019, Wausau asked Phillips to review and sign a Confession of Judgment, requiring monthly payments to Wausau, in order to "continue our relationship." He did so. At this time, Phillips notified Wausau he could not even put five-thousand dollars together until the end of March 2019 and that he was "scraping for every dollar."

46.    Plaintiffs were unaware of Phillips Builders' incompetency, financial issues, and lack of vetting and verification by Wausau.

47.    Plaintiffs were instead provided Defendants' message that Phillips Builders was one of Wausau's "highly qualified local home builders" as set forth herein.

### Wausau Homes, Phillips, and Phillips Builders Failed to Abide by Their Promises to Plaintiffs

48.    Plaintiffs met with Phillips to discuss and solidify the details of their new home.

49.    Shortly thereafter, Plaintiffs paid to have blueprints drawn up for their homes and began work on obtaining the necessary financials.

50.    Defendants provided a firm price of $711,244.00 to build the Lemasters' Wausau Home. (Ex. 1).

51.    The blueprints for Plaintiffs' home were approved by a Wausau Homes corporate employee or agent and stamped with the Wausau logo.

7

52.     Plaintiffs relied on Defendants' promises, representations, and guarantees, such as "on time", "your way", "firm price", and that "not everyone can be a Wausau Homes builder" in the building of their home.

53.     These promises and representations were provided by Phillips, Phillips Builders, and Wausau, as detailed herein.

54.     These promises and representations were not kept.

55.     Plaintiffs' home was not completed on time.

56.     Plaintiffs' home was not completed within the firm price.

57.     Plaintiffs' home was not completed "your way" according to the home's specifications.

**The Lemasters House**

58.     The Lemasters' Wausau Home was set in February of 2020.

59.     From the beginning, Defendants were moving slower than the contractually-scheduled completion dates.

60.     With less than fifty percent of the house interior complete, Phillips and Phillips Builders began demanding payment for ninety-five percent of the contract price.

61.     This was one of the first indications Defendants would not follow the "firm price" guarantee.

62.     The "on time" completion date for the Lemasters' home was June 1, 2020.

63.     In June of 2020, Phillips told the Lemasters their house would be finished soon and they could move into the house.

64.     Relying on Phillips' promises and representations, the Lemasters began moving from Hawaii and had their belongings shipped to the house address.

65.     The house was not finished.

66.     The house was not ready to move in.

67.     Phillips rented three shipping containers to store the house items the Lemasters had shipped from Hawaii. One shipping container was broken into.

68.     Phillips continued to claim he and the business were losing money, and that he needed more money to continue.

69.     The Lemasters, unaware of any fraud, obliged.

70.     Around June of 2021, Phillips began taking away his tools under the guise that some were "stolen" and that he needed to take an inventory.

71.     Around that time, Phillips also began taking away some of the materials for the Lemasters' home that were already delivered to the site.

72.     Around August of 2021, Phillips and Phillips Builders had a contractor come out and install the garage doors on the Lemasters' house. This was the last action taken by Defendants.

73.     Defendants then stopped working on the Lemasters house entirely.

74.     On or around August 30, 2021, Phillips stopped responding to the Lemasters.

75.     At that time, Phillips and Phillips Builders had collected around 95% of the cost of the build for the Lemasters house.

76.     At that time, the house was not 95% complete.

77.     The Wausau Homes on-time and firm price guarantees were broken.

78.     Wausau Homes continued to ship replacements for incorrect and damaged items to the Lemasters property until around March of 2022.

79.     The Lemasters were forced to finish the remainder of the work without the assistance of Defendants.

80.     The Wausau Homes "your way" guarantee was broken.

81.     The Lemasters incurred unexpected expenses for multiple construction items, including but not limited to heating and cooling, all flooring, cabinets, plumbing, electrical, lighting, gutters, masonry, chimney work, gas lines, stairways and railings, decking and decking supplies, driveway and other concrete work, propane installation and piping, molding, covers, switches, doors, fans, sinks and faucets, and even the fixing of damaged materials already installed by Defendants.

82.     The Lemasters would not have had to incur these expenses had Defendants completed the home on time, with a firm price, and their way.

83.     In addition, the Lemasters incurred unexpected costs and expenses due to paying for Defendants' builders risk insurance for two years (rather than the three months that was promised), for additional contractors and other costs incurred after Defendants' "on time" completion date, and for additional costs in living expenses while the house was in a state of disrepair and waiting for completion.

84.     The Lemasters also had to sell certain real estate in order to fund the finishing of the home, which was not planned and would not have occurred had the house been completed according to Defendants' guarantees.

85.     The Lemasters would not have had to incur these costs and expenses either if Defendants had completed the home on time, with a firm price, and their way.

86.     Around August 30, 2021, the Lemasters reached out and heard from a representative of Wausau that Phillips was planning to file from bankruptcy. Wausau indicated the Lemasters should hire an attorney.

**<u>Wausau Homes has Refused to Take Responsibility</u>**
**<u>for Its Actions and Inactions</u>**

87.  Wausau Homes has refused to correct its actions or the actions of its builders.

88.  Rather than correct Wausau's actions or the actions of its builders, and complete the house as promised, Wausau took limited to no action.

89.  The Lemasters' home remains incomplete, above the firm price given by Defendants, and contains modifications from Defendants' specifications and/or defective work.

90.  The inaction of Wausau has caused further damages to Plaintiffs. For example, Plaintiffs have been forced to hire other contractors, and their savings have been significantly harmed.

91.  Plaintiffs' situation, claims, and damages are not unique.

92.  For years (and potentially decades), Wausau has provided defective homes to numerous individuals and families through and with the assistance of improperly vetted builders.

93.  For years (and predating the date of Plaintiffs' contracts as identified herein), Wausau was aware of Phillips and Phillips Builders' issues with capitalization, funding, misuse of funds, delinquent payments, and judgments.

**COUNT I**
**<u>VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT</u>**
**<u>("MMPA") AGAINST ALL DEFENDANTS</u>**
**(MO. REV. STAT. §§ 407.020, *et seq.*)**

94.  Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

95.  The Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 (West 2010), provides, in part, as follows:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the

concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce … in or from the state of Missouri, is declared to be an unlawful practice … Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

96.     The Missouri Merchandising Practices Act further provides for a civil action to recover damages in Mo. Rev. Stat. § 407.025.1, as follows:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

97.     This Count is brought to secure redress for the unlawful, deceptive and unfair trade practices perpetrated by Defendants.

98.     Defendants' business practices in connection with the sale and advertisement of Wausau Homes—stating that merchandise, i.e. homes, are built by a highly qualified local home builder, your way, with a firm price and on time completion guarantee—is an unconscionable, unfair, and deceptive act or practice and constitutes multiple, separate violations of Mo. Rev. Stat. § 407.020 because the homes are in fact not built by a highly qualified home builder, are not built the buyers' way, do not have firm prices, and are not completed on time. Moreover, these homes are defective and deficient, and fail to meet the quality guarantees and advertisements of Defendants.

99.     Plaintiffs purchased a Wausau home, as set forth above and herein.

100.     Such purchase of a Wausau home was primarily for personal, family, or household

purposes.

101.    In connection with the sale of Wausau's products, Defendants misrepresented the home as built by a highly qualified home builder, your way, with a firm price and on time completion, and in a quality and workmanlike manner, when in fact the home was not, as set forth in this Complaint.

102.    In connection with the sale of Plaintiffs' Wausau home, Defendants concealed material facts, namely that the home would not be built by a highly qualified home builder, would not be built to the buyer's specifications, would not be guaranteed a firm price, would not be guaranteed on time completion, and would not be built in a quality and workmanlike manner.

103.    Defendants' concealment, suppression, misrepresentations and/or omission as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiffs, regarding Wausau's products.

104.    In violation of the MMPA, Defendants employed fraud, deception, false promise, misrepresentation, and/or the knowing concealment, suppression, or omission of material facts in its sale and advertisement of Wausau homes in the State of Missouri.

105.    Defendants engaged in the concealment, suppression, misrepresentations and/or omission of the aforementioned material facts with the intent that others, such as Plaintiffs and/or the general public would rely upon the concealment, suppression, misrepresentation and/or omission of such material facts and purchase Wausau Homes and products.

106.    As a result of their purchase of Wausau products and Defendants' actions, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects,

additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

107.    Plaintiffs are entitled to recover their actual damages, attorneys' fees, and injunctive or other equitable relief, pursuant to Missouri law, including Mo. Rev. Stat. § 407.025.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, including attorneys' fees under the MMPA, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT II
## FRAUDULENT MISREPRESENTATION AGAINST WAUSAU

108.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

109.    Defendant Wausau made certain representation of fact to Plaintiffs, including:

(a) That their home would be built on time;

(b) That their home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

110.    These representations were made to Plaintiffs, as set forth above and herein.

111.    Each of these representations pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each

contractor a Wausau local contractor.

112.    Defendant knew the falsity of these representations to Plaintiffs, or at least acted in reckless disregard for the truth or falsity of same.

113.    These representations were material, in that they constituted specific guarantees and statements as to the quality, timeliness, and cost of the Plaintiffs' home, as well as the quality and trustworthiness of the contractor working on it.

114.    Wausau intended that these representations be acted on by Plaintiffs, as part of the sale of their home.

115.    The information was provided intentionally by Defendant to the Lemasters, as set forth above and herein.

116.    Plaintiffs were ignorant of the truth or falsity of the above representations.

117.    Plaintiffs relied on the representations of Wausau. They purchased Wausau blueprints, contracted for a Wausau home, and were assigned a Wausau local builder for same, as set forth above and herein.

118.    Plaintiffs had a right to rely on Wausau's truthfulness. They were entrusting a future family home to the Defendants.

119.    As a result of Wausau's fraudulent misrepresentations and Plaintiffs' reliance upon same, Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to

be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT III
## NEGLIGENT MISREPRESENTATION AGAINST WAUSAU

120.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

121.    Defendant Wausau made certain representation of fact to Plaintiffs, including:

(a) That the home would be built on time;

(b) That the home would be built "your way" according to the agreed-upon specifications;

(c) That the home would be built by a "trusted contractor" properly vetted by Wausau;

(d) The home would be built with a firm price; and that

(e) The home would be built free from defect and deficiencies.

122.    These representations were made to Plaintiffs, as set forth above and herein.

123.    Each of these pertained to Defendant's present intentions and/or were within its control, as each home was a Wausau product, built with Wausau plans, and each contractor a Wausau local contractor.

124.    Because of a failure by the Defendant to exercise reasonable care and competence, the information and representations enumerated above were false.

125.    The information was provided intentionally by the Defendant to Plaintiffs as members of a limited group, and in a particular business transaction, for the advertisement, purchase, and sale of a Wausau home.

126.    The information was provided intentionally by Defendant to the Lemasters, as set

forth above and herein.

127.    Alternatively, Defendant had a legal or other duty to disclose information that it omitted to supply, being tantamount to false information, in the advertisement, purchase, and sale of a Wausau home.

128.    For example, Wausau knew and was aware that Phillips was "scraping for every dollar" mere months before signing a contract with Plaintiffs, was paying Wausau pursuant to a judgment, and had to be followed up with multiple times for late payments.

129.    Yet Phillips was still allowed to build for Wausau.

130.    Plaintiffs justifiably relied on the information supplied by Wausau specific to their home. This information was a material factor influencing final action by Plaintiffs, including the purchase of the Wausau Home.

131.    As a result of Plaintiffs' reliance on the information supplied by Wausau, Plaintiffs were injured. Plaintiffs sustained ascertainable loss and damage in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT IV
## NEGLIGENT SUPERVISION AGAINST WAUSAU

132.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

133.    Defendant invited Plaintiffs to "search the Wausau Homes network of highly qualified local home builders to find one serving your new neighborhood."

134.    Defendant had a duty to Plaintiffs to carefully select and supervise their local builders and contractors which they represented as the "neighborhood experts".

135.    Wausau had a duty to use ordinary care to protect Plaintiffs against unreasonable risks of harm specific to Wausau's local builders such as Phillips Builders.

136.    Not everyone can be a Wausau Homes builder according to Defendant.

137.    Defendant's duties included the selection, hiring, training, supervising, and monitoring of their local builders.

138.    Wausau breached its duties of selection, hiring, training, supervising, and monitoring of their local builders, including failing to perform proper background checks, failure to ensure funds were not fraudulently used or misappropriated, failure to ensure their contractors had and maintained the proper licenses and funds, and failure to ensure the local Wausau builders abided by the Wausau guarantees.

139.    The breach amounted to negligence by Defendant that directly and proximately caused Plaintiffs' damages.

140.    Under Wausau's supervision, Phillips and Phillips Builders caused damages to the Lemasters, as set forth above and herein.

141.    Phillips and Phillips Builders misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, and/or did not complete the Plaintiffs' home.

142.    Moreover, upon information and belief, Phillips Builders' contractor license had

expired in 2019, before Plaintiffs signed their contract for the Wausau Home.

143. Moreover, mere months before signing the contract with Plaintiffs for the Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

144. Wausau had also obtained at least one Confession of Judgment against Phillips at that time.

145. Wausau also continued to have to follow up on late payments.

146. With this knowledge and history, Wausau chose to let Phillips *continue* to build homes for new and existing customers, including Plaintiffs.

147. A reasonable person would recognize that an occurrence presenting a danger to another existed by Wausau's lack of ordinary care in the selection, hiring, training, supervising, and monitoring process of Phillips and Phillips Builders, i.e. that a reasonable person could have foreseen that injuries of the type suffered might occur under then existing circumstances.

148. Plaintiffs sustained ascertainable loss and damage as a result of this breach, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT V
## NEGLIGENCE (AS PRINCIPAL) AGAINST WAUSAU

149. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

19

150. Defendant knew or should have known of Phillips and Phillips Builder's dangerous proclivities at all relevant times herein, including insurance or other fraud, overcharging, lack of capital, misuse of funds, shoddy craftsmanship, defective work, lack of licensing, and other tendencies which would cause damage to Wausau customers.

151. Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been involved with several incomplete, defective, and shoddy projects specific to Wausau Homes.

152. Upon information and belief, Phillips and Phillips Builders (since the time of initial partnership with Wausau around 2018) had been reprimanded and approached by Wausau for misuse of funds and lack of payments.

153. Before Phillips signed a contract with Plaintiffs for their Wausau home, Phillips alerted Wausau that he was undercapitalized and scraping by.

154. Before Phillips signed a contract with Plaintiffs for their Wausau home, Wausau had obtained at least one Confession of Judgment against Phillips.

155. Before, during, and after Phillips had signed a contract with Plaintiffs for their Wausau home, Wausau had to follow up with Phillips for late payments.

156. Yet Phillips and Phillips Builders was hired or retained by Wausau as a local, "expert" contractor and builder.

157. Moreover, Phillips and Phillips Builders *continued* to be hired or retained by Wausau through the relevant times set forth herein, even after the Confession of Judgment and financial information provided.

158. Defendant had insufficient or no established business practice to determine the dangerous proclivities of its "expert" local contractors before or after hiring.

159.     Alternatively, Defendant had insufficient or no established business practice to address the dangerous proclivities of its "expert" local contractors before or after hiring.

160.     Wausau's lack of vetting practices and other negligent acts or omissions was the proximate cause of the injuries sustained by Plaintiffs at the hands of Phillips and Phillips Builders, as enumerated herein.

161.     Phillips and Phillips Builders caused damages to the Lemasters, as set forth above and herein.

162.     Phillips and Phillips Builders committed insurance or other fraud in relation to the Plaintiffs' home, overcharged Plaintiffs, took advance payments due to lack of capital, let licenses expire, made false promises, and/or provided shoddy craftsmanship and defective work.

163.     Phillips and Phillips Builders also misused Plaintiffs' payments for different projects, issued "extra" payments with no ensuing work, was financially irresponsible, failed to obtain materials, did not complete work in a timely fashion, did not complete work at the price agreed to, did not follow specifications or customary practices, let contractor licenses expire, and/or did not complete Plaintiffs' home.

164.     Phillips and Phillips Builders' actions prompted an investigation by the FBI for fraudulent activities.

165.     Phillips and Phillips Builder's misconduct as identified herein was consistent with their dangerous proclivities, of which Wausau was and should have been aware.

166.     Because of Wausau's negligence in hiring and continuing to employ Phillips and Phillips Builders, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to

complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY
## AGAINST ALL DEFENDANTS

167.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

168.    Plaintiffs entered into a written contract with Phillips Builders. (Ex. 1).

169.    Plaintiffs entered the Contract upon certain guarantees and representations by each of the Defendants (including Wausau), including the on time, your way, and firm price guarantees, as well as Wausau's selection of "highly qualified" local home builders.

170.    Defendants knew or had reason to know that these guarantees and representations were directly related to Plaintiffs' home and property.

171.    Plaintiffs had a right to rely on Defendants' truthfulness, skill, and judgment in these guarantees and representations specific to their home and property. Plaintiffs were entrusting a future family home to Defendants.

172.    Plaintiffs performed their obligations under the Contract.

173.    Wausau, Phillips, and Phillips Builders, however, failed to perform their obligations, and failed to perform in a good and workmanlike fashion.

174.    Specifically, Plaintiffs' home was not built by a "highly qualified" home builder, not built their way, did not have a firm price or on time completion, and was not done in a quality

and workmanlike manner, as set forth in this Complaint.

175. Plaintiffs' home contained defects and was not built according to plans and specifications.

176. Plaintiffs' home was not fit for use.

177. Alternatively, Plaintiffs' home was not fit for its intended use.

178. Wausau, Phillips, and Phillips Builders' breach of the implied warranty caused substantial damage to Plaintiffs.

179. Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT VII
## BREACH OF CONTRACT
## AGAINST PHILLIPS AND PHILLIPS BUILDERS

180. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

181. Defendants formed agreements and entered into a valid and enforceable contract with Plaintiffs, including offer, acceptance, and consideration. (Ex. 1).

182. Defendants provided Plaintiffs with the same written form agreements as the other Plaintiffs named in this matter.

183. Plaintiffs accepted Defendants' offer and exchanged consideration by using Defendants' services and paying for them, as set forth above and herein.

184. Plaintiffs have performed all, or substantially all, of the obligations imposed on them under the contract with Defendants.

185. Plaintiffs provided periodic payments—based upon the completion of different stages of the Wausau Home—as set out in their agreement with Defendants as compensation for the services Defendants allegedly provided.

186. Plaintiffs also fulfilled their non-monetary contractual obligations (if any) to Defendants.

187. Yet, Defendants breached the agreement with Plaintiffs.

188. Defendants breached the contract with the Lemasters as set forth above and herein, and including but not limited to paragraphs 12 through 93.

189. Defendants breached their agreement with Plaintiffs in ways including, but not limited to, not building the house according to its specifications, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), multiple builder-caused delays, and/or not completing the home in a quality and workmanlike manner and free from defects, as set forth in this Complaint.

190. Phillips and Phillips Builders further breached the agreement by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct or undamaged materials) for the home as promised.

191. As a direct and proximate result of Defendants' breaches of the agreement, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the

actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

**COUNT VIII**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
**AGAINST PHILLIPS AND PHILLIPS BUILDERS**

192.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

193.    Defendants were required to operate according to an implied duty of good faith and fair dealing in connection with the Contract signed with Plaintiffs. (Ex. 1).

194.    Defendants were required to exercise judgment in good faith when making decisions to change the house and/or material specifications, take advance payments, use Plaintiffs' funds and payments, and build Plaintiffs' home.

195.    Defendants exercised said judgment in a manner which evaded the spirit of the Contract and denied Plaintiffs the expected benefit of the Contract by taking the actions stated herein, including but not limited to *not* building Plaintiffs' home according to its specifications or customary practices, not abiding by the contractual firm prices, not abiding by the payment schedules, not completing the home on time (or at all), and not completing the home in a quality and workmanlike manner.

196.    Phillips and Phillips Builders further denied Plaintiffs the expected benefit of the

Contract by committing insurance or other fraud, overcharging, taking advance payments and not completing the promised work, and/or failing to obtain materials (or the correct materials) for the home as promised.

197.     If Defendants had operated under the Contract in good faith, Defendants would have completed Plaintiffs' home on time, with a firm price, to its specifications, and without defect or deficiencies.

198.     Defendants willfully rendered imperfect performance, abused their power, and interfered with Plaintiffs' contractual and guaranteed expectations through these actions.

199.     As a direct and proximate result of Defendants' breaches of the Contract, Plaintiffs have suffered damages in an amount to be proven at trial in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or additional Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT IX
## FRAUD AGAINST PHILLIPS AND PHILLIPS BUILDERS

200.     Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

201.     Plaintiffs contracted with Phillips and Phillips Builders to construct their home. (Ex. 1).

202.     Plaintiffs were largely unfamiliar with the construction process of a new home.

203. Phillips and Phillips Builders represented to Plaintiffs that he would complete the construction of their home for the agreed upon price, on time, according to the specifications and customary practices, and free from construction defects.

204. These representations were false.

205. Phillips and Phillips Builders knew these representations were false.

206. Phillips and Phillips Builders intended thereby to deceive Plaintiffs and induce them into entering a contract with Defendants, which they did.

207. Plaintiffs believed the truth of Phillips and Phillips Builders' representations and relied on them as being true.

208. Relying on such representations, Plaintiffs agreed to contract with and keep paying Phillips Builders, as their local Wausau builder.

209. Defendants provided false representations and deceived the Lemasters as set forth above and herein, and including but not limited to paragraphs 12 through 93.

210. Plaintiffs sustained ascertainable loss and damage as a result of Phillips and Phillips Builders' fraud, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT X
## NEGLIGENCE AGAINST PHILLIPS AND PHILLIPS BUILDERS

211. Plaintiffs hereby reallege and incorporate by reference each allegation set forth in

the above paragraphs as if fully set forth herein and further allege as follows:

212. By agreeing to build the home at issue in this matter, Phillips and Phillips Builders owed a duty to Plaintiffs, the buyers of the home, to construct the home in a manner consistent with industry and customary standards.

213. Phillips and Phillips Builders further owed a duty to Plaintiffs, the buyers of the home, to construct the home on time, according to the specifications, with a firm price.

214. Defendants breached their duties to the Lemasters as set forth above and herein, and including but not limited to paragraphs 12 through 93.

215. Phillips and Phillips Builders breached their duties to Plaintiffs by failing to construct the home in a manner consistent with industry and customary standards, by failing to properly oversee construction of the home, and/or by failing to construct the home on time, according to the specifications, or with a firm price.

216. The construction of the home was never completed, or the work that was performed and completed is defective.

217. Moreover, Plaintiffs' home was not built according to the specifications or with the firm, guaranteed prices.

218. As a result of Phillips and Phillips Builder's negligence, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of

this Complaint, and any other relief this Court deems just and proper.

## COUNT XI
## BREACH OF EXPRESS WARRANTY
## AGAINST PHILLIPS AND PHILLIPS BUILDERS

219.    Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

220.    Defendants represented, sold, advertised, and marketed, and Plaintiffs purchased, a Wausau home and product.

221.    Defendants represented in their marketing, advertising, and promotion of Wausau Homes that the product would conform to the Wausau Homes Brand Promises or guarantees, in that the product would be completed on time, your way, with a firm price, and be built by a local neighborhood expert.

222.    These representations and warranties were made to Plaintiffs both before and during their relationship with Defendants, as set forth above and herein.

223.    Defendants made these representations to induce Plaintiffs to purchase a Wausau Home.

224.    The Wausau Homes Brand Guarantees were part of the basis of the bargain between Defendant and Plaintiffs.

225.    However, the Wausau Homes product (its home) did not conform to Defendants' representations and warranties in that it was not completed on time, your way, with a firm price, or by any "expert" builder.

226.    Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs gave Defendants notice thereof, as set forth herein.

227.    As a direct and proximate result of Defendants' breaches of the express warranty

and failure of the Wausau Homes products to conform, Plaintiffs sustained ascertainable loss and damage, in that, among other things, the actual value of the products is less than the value would have been had the home been completed free of defects, additional expenses and costs were incurred to complete or attempt to complete the home, and/or Plaintiffs were unwillingly forced to sell certain real estate to complete or attempt to complete the home.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

## COUNT XII
## TEMPORARY NUISANCE
## AGAINST ALL DEFENDANTS

228.     Plaintiffs hereby reallege and incorporate by reference each allegation set forth in the above paragraphs as if fully set forth herein and further allege as follows:

229.     Defendants' actions and inactions as set forth and alleged herein caused an incomplete and defective home (and portions thereof) to remain on Plaintiffs' property.

230.     Plaintiffs own and control their property, as identified herein.

231.     Defendants left an unfinished and defective structure, materials, and other trash or waste on the property of the Lemasters as set forth above and herein, and including but not limited to paragraphs 12 through 93.

232.     Defendants Wausau, Phillips, and Phillips Builders stored, left, or caused to be left certain materials, trash, waste, and/or unfinished structures on the properties of each of the respective Plaintiffs, as set forth herein.

233.     Defendants unreasonably and unlawfully stored, left, or caused to be left certain building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property, as set

forth herein.

234.    Said building materials, trash, waste, or unfinished structures and houses substantially impaired Plaintiffs' rights to the use and enjoyment of their property.

235.    Defendants did, at relevant times, exercise custody and control over the building materials, trash, waste, or unfinished structures and houses on Plaintiffs' property.

236.    Defendants intentionally, unreasonably, negligently, recklessly, willfully, wantonly, and/or maliciously allowed the building materials, trash, waste, or unfinished structures and houses to remain on Plaintiffs' property for certain periods of time, resulting in unreasonable interference with Plaintiffs' use and enjoyment of their property.

237.    Such building materials, trash, waste, or unfinished structures and houses are or were incompatible with the normal use and enjoyment of the Plaintiffs' property.

238.    Defendants' interference with Plaintiffs' use and enjoyment of their property is substantial.

239.    Defendants have refused to fix or cure the temporary nuisances on Plaintiffs' property.

240.    Alternatively, Defendants refused to fix or cure the temporary nuisances on Plaintiffs' property for a set and measurable period of time.

241.    As a direct and proximate result of Defendants' interference with Plaintiffs' use and enjoyment of the property, Plaintiffs have suffered and may continue to suffer injury, including decreased property value and the costs and expenses to abate the nuisances.

WHEREFORE, Plaintiffs request this Court grant judgment for damages in an amount to be determined at trial, as well as all relief sought in the Request for Relief set forth at the end of this Complaint, and any other relief this Court deems just and proper.

**ALTER EGO**

242.     Scott Phillips completely controls and dominates Phillips Builder's performance in connection with this matter and the subject Contract.

243.     Scott Phillips operates and controls Phillips Builders as a shell company for the improper purpose of financially benefitting from Phillips Builder's contractual arrangements with customers while attempting to insulate itself from direct liability to those customers.

244.     For example, upon information and belief:

    a.   Scott Phillips is the sole manager/member of the LLC;

    b.   Scott Phillips has grossly undercapitalized Phillips Builders, LLC;

    c.   There has been an intermingling of LLC and individual funds by Scott Phillips;

    d.   Scott Phillips has treated the LLC's funds and finances as his own, and has siphoned its assets for personal use;

    e.   There is an absence of corporate records and formalities;

    f.   Phillips Builders, LLC is merely a façade for the personal interests and business of Scott Phillips;

    g.   Scott Phillips has used Phillips Builders, LLC to engage in fraud and fraudulent activities, including insurance fraud;

    h.   All negotiations, customer inquiries, payments, advertisements, and solicitations for Phillips Builders go through Scott Phillips;

    i.   All decisions with respect to increases in customer charges and prices are made by Scott Phillips;

    j.   Scott Phillips has sole control over the LLC; and

    k.   Scott Phillips and Phillips Builders, LLC operate from the same address.

245.    Scott Phillips exercised his control over Phillips Builders, LLC to carry out the improper actions and inactions alleged herein.

246.    Scott Phillips' control and breach of duty proximately caused the injuries and losses complained of herein.

247.    Scott Phillips is the real party in interest under the Contract, even if Scott Phillips is not an express party to the Contract. Scott Phillips is directly liable to Plaintiffs for breaches of the Contract because Mr. Phillips is the alter ego of his LLC, and therefore the corporate veil should be pierced.

248.    In the alternative and in addition to its direct liability for the misconduct of Phillips Builders, LLC, Scott Phillips is liable to Plaintiffs for his own breaches of duties as an agent and contractor under the Contract and other related instruments.

249.    Furthermore, and in the alternative, by undertaking to perform services for Plaintiffs under the Contract, for which he accepted compensation, Scott Phillips has entered into an implied contract with Plaintiffs. Scott Phillips is directly liable to Plaintiffs for breaches of the implied contract between himself and Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter an order or judgment against Defendants including the following:

A.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

B.    For an order piercing the corporate veil of Phillips Builders, LLC;

C.    For an order finding in favor of Plaintiffs on all counts asserted herein;

D.    For compensatory, statutory, punitive, and other damages in amounts to be

determined by the Court and/or jury;

E.      For an order of restitution and all other forms of equitable monetary relief;

F.      For injunctive relief as pleaded or as the Court may deem proper;

H.      Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

I.      An order awarding Plaintiffs their attorney's fees and costs and expenses incurred in connection with this action; and

J.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.


Dated: July 11, 2024                  Respectfully submitted,

**KEANE LAW LLC**

*/s/ Tanner Kirksey*
Ryan A. Keane, #62112MO
Tanner A. Kirksey, #72882MO
7711 Bonhomme Ave, Suite 600
St. Louis, MO 63105
Phone: (314) 391-4700
Fax: (314) 244-3778
ryan@keanelawllc.com
tanner@keanelawllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served electronically upon all counsel of record via the CM/ECF system on July 11, 2024.

/s/ *Tanner Kirksey*